IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDY A. HAMMONS,** | ) | |
| Petitioner | ) | Civil Action No. 7:11cv00489 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By:  Norman K. Moon |
| Respondent. | ) | United States District Judge |

Randy A. Hammons, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Hammons argues that his counsel provided ineffective assistance on five grounds, that further investigation will reveal new evidence that would presumably help his case, and that he is legally innocent of his convictions.  The Supreme Court of Virginia found that three of Hammons' ineffective assistance of counsel claims failed on their merits under *Strickland v. Washington*, 466 U.S. 668 (1984), and that his newly discovered evidence claim was defaulted under *Slayton v. Parrigan*, 305 S.E.2d 680 (1974).  I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts.  Regarding his remaining ineffective assistance of counsel claims and his legal innocence claim, I find that Hammons' claims are procedurally barred because he did not raise them in state court and he has not demonstrated grounds to excuse his default.  Therefore, I will grant respondent's motion to dismiss.

**I.**

After pleading *nolo contendere*, Hammons was convicted in the Russell County Circuit Court of aggravated malicious wounding, attempted first-degree murder, and using or displaying

a firearm in the commission of a felony. The court sentenced Hammons to a total term of 43 years of incarceration, with 25 years of that time suspended. Hammons appealed, arguing that the trial court abused its discretion by denying his motion to withdraw his pleas of *nolo contendere*. The Court of Appeals of Virginia denied his appeal and denied his request for review by a three-judge panel. Hammons appealed that denial to the Supreme Court of Virginia, which refused his appeal and petition for rehearing. Hammons, proceeding *pro se*, filed a timely habeas petition in the Russell County Circuit Court, alleging the following:

> 1. Counsel was ineffective for failing to request additional evaluation of Hammons' competency and for failing to request that the court make further inquiries about the medications Hammons was taking to determine whether they impaired his judgment.
>
> 2. Counsel was ineffective for not referring the court to the 911 call made by Hammons' daughter, in which his daughter made reference to Hammons' suicide attempt.
>
> 3. Counsel was ineffective for failing to obtain Hammons' Supplemental Security Income records, which document several suicide attempts, and for failing to obtain records from physicians Hammons was seeing on an out-patient basis.
>
> 4. Counsel was ineffective for failing to timely inform the court of Hammons' "irrational behavior."
>
> 5. Counsel was ineffective for not following up on information regarding witnesses who would have impeached the victim's testimony that she had not been to Hammons' house since she had moved out.
>
> 6. Further investigation would reveal newly discovered evidence: that Hammons' daughter overheard her grandparents "staging" the victim's testimony.
>
> 7. Counsel was ineffective for failing to investigate the possibility of an insanity defense.

The circuit court dismissed Hammons' habeas petition, finding that his ineffective assistance of counsel claims failed under *Strickland*, and that his newly discovered evidence claim was defaulted under *Slayton*. Hammons appealed to the Supreme Court of Virginia, which dismissed

his petition.[1]

Hammons filed the instant § 2254 federal habeas petition on October 11, 2011 claiming the following:

> 1. Counsel was ineffective for failing to request additional evaluation of Hammons' competency and failing to inquire as to whether the jail's failure to properly administer medication impaired Hammons' judgment to intelligently enter pleas.
>
> 2. Counsel was ineffective for not following up on information that would have impeached the victim's testimony.
>
> 3. Further investigation would reveal newly discovered evidence: that Hammons' daughter overheard her grandparents staging the victim's testimony.
>
> 4. Counsel was ineffective for failing to investigate the possibility of an insanity defense.
>
> 5. Counsel was ineffective for not raising on direct appeal that petitioner's guilty plea was not knowing, intelligent, and voluntary.
>
> 6. Counsel was ineffective for not seeking a plea agreement to lesser or reduced charges.
>
> 7. Hammons is actually innocent on the grounds that he cannot be "legally guilty of" the two "more serious charges."

The court served Hammons's petition upon the respondent, and this matter is before the court on respondent's motion to dismiss.

## II.

Hammons claims that he is legally innocent of the two "more serious charges" and that counsel provided ineffective assistance (1) in failing to argue on direct appeal that Hammons' plea was not knowing, intelligent, and voluntary, and (2) in failing to seek a plea agreement to

---

[1] In dismissing Hammons' petition for appeal on habeas review, the Supreme Court of Virginia, in effect, adjudicated Hammons' claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

lesser or reduced charges. The court finds that these claims are procedurally defaulted because Hammons did not raise these claims in his direct appeal or state habeas petition. Furthermore, he has not demonstrated grounds to excuse his default. Therefore, I will dismiss these claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, the federal claim nevertheless must be "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 278, 275 (1971) (quotations omitted); *see also Baker*, 220 F.3d at 289. Fair presentation mandates that the federal claim "be presented face-up and squarely . . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." *Id*. (quotations omitted); *see also Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002). Thus, in state court, the petitioner is obligated to identify the federal constitutional right purportedly infringed, identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (*per curiam*). In this case, Hammons did not present these ineffective assistance of counsel or legal innocence claims to the Supreme Court of Virginia.

4

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288; *see also Gray v. Netherland*, 518 U.S. 152, 161 (1986). If Hammons were to attempt now to raise these claims before the Supreme Court of Virginia, that court would find the claims are procedurally barred. *See* Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); § 8.01-654(A)(2) (state habeas statute of limitations). Consequently, Hammons' claims are simultaneously exhausted and procedurally barred from federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Basette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990); *Sparrow v. Dir., Dep't. of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

Still, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id*. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id*. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). In this

case, nothing in the record remotely supports a claim of actual innocence,[2] and Hammons offers nothing to excuse his procedural default. Accordingly, I find that these claims are barred from federal habeas review.

### III.

Hammons claims that further investigation would reveal "newly discovered evidence" that Hammons' daughter overheard her grandparents "staging" the victim's testimony. The state court, on habeas review, dismissed this claim as procedurally defaulted under *Slayton*, because Hammons could have raised the claim at trial and on direct appeal, but failed to do so. *Slayton* is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Hammons offers nothing to excuse the default, I will dismiss the claim.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); *see also Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). A state procedural rule is "adequate" if it is "consistently or regularly applied" by the state courts, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), "and it is independent if it does not depend on a federal constitutional ruling," *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Thus, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

---

[2] While Hammons alleges legal innocence as a claim to this petition, he presents no argument or factual contention in support of this claim, and no "new reliable evidence" supporting a claim of actual innocence. *See Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010); *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, I find Hammons' claim insufficient to excuse the procedural default.

The Fourth Circuit has recognized *Slayton* as an adequate and independent procedural rule that renders the claim procedurally defaulted in this court. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006); *see also Wright v. Angelone*, 151 F.3d 151, 159-60 (4th Cir. 1998); *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996); *Spencer v. Murray*, 18 F.3d 229, 232 (4th Cir. 1994). To be sure, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this case, however, Hammons offers nothing to excuse his procedural default. Accordingly, I will dismiss Hammons' "newly discovered evidence" claim as procedurally defaulted.

## IV.

Hammons claims that counsel provided ineffective assistance in failing to (1) request additional competency evaluation and inquire as to whether the jail's improper administration of medication affected Hammons' judgment during his plea, (2) follow up on information that would have impeached the victim's testimony, and (3) investigate the possibility of an insanity defense. The Supreme Court of Virginia adjudicated and rejected these claims, finding that they failed under *Strickland v. Washington*, 466 U.S. 668 (1984). I find that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts.[3]

---

[3] Hammons' petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688. There is a strong presumption that an attorney is acting reasonably. *Id*. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that, but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id*. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id*. In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland* . . . ." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"

---

on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id*. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id*. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

*Id*. at 1420 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id*.

Hammons claims that counsel provided ineffective assistance in failing to request additional evaluation of Hammons' competency and to inquire whether the jail's failure to properly administer medication impaired Hammons' judgment to intelligently enter his pleas. In adjudicating this claim on habeas review, the state court credited counsel's affidavit in which counsel averred that he was confident that Hammons understood him, the process, and the consequences of Hammons' decisions and that counsel did not believe that further evaluation of Hammons' competency was needed. The state court also found that Hammons did not present factual support for an allegation that he was not competent to enter a guilty plea. In fact, the court found that the record, including Hammons' conduct at the guilty plea hearing and subsequent hearings, demonstrated otherwise. The court noted that Hammons responded appropriately to the court's questions at the hearings. In addition, Hammons testified during his plea colloquy that he understood the charges against him and the consequences of pleading *nolo contendere*. Hammons also testified that his medications did not affect his ability to understand what was happening in court. Finally, at a hearing on Hammons' motion to withdraw his plea, the court asked Hammons if he was withdrawing his plea because he was not happy with the sentence he received and Hammons answered in the affirmative.

Based on the foregoing, the state court determined that Hammons' claim failed under both prongs of *Strickland*. I agree. The state court's adjudication of Hammons' claim, based on the record before it, was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

9

Hammons claims that counsel was ineffective in failing to follow up on information that would have impeached the victim's testimony. In adjudicating this claim on habeas review, the state court found that Hammons failed to proffer the affidavit of any witness or offer any evidence at all in support of this claim. Accordingly, the state court determined that Hammons had not demonstrated that either counsel's performance was deficient or that he was prejudiced by counsel's alleged deficient performance. An allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced. *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990). Therefore, the state court's adjudication of Hammons' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Hammons argues that counsel was ineffective in failing to investigate the possibility of an insanity defense. In adjudicating this claim, the state court again found that Hammons failed to proffer any evidence proving that he had a mental disease which resulted in insanity under the strict standard set forth in *M'Naghten's Case*, 10 Cl. and F. 200, 8 Eng. Rep. 718 (H.L. 1843) and adopted by the Commonwealth of Virginia, *see Price v. Commonwealth*, 228 Va. 452, 459 (1984). The court also credited counsel's statement that Hammons "never wanted to test his defense at trial because the risk was too great." Based on the foregoing, the state court determined that Hammons had not demonstrated that either counsel's performance was deficient or that he was prejudiced by counsel's alleged deficient performance. The state court's adjudication of Hammons' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

## V.

For the reasons stated herein, I will grant respondent's motion to dismiss Hammons' petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and to all counsel of record.

ENTER: This 6th day of September, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE